IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLIFFORD JUNIOR WALKER, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-203 |
| | ) | (Formerly CR 111-101) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent opposes the motion. (See doc. no. 5.) Along with his response to Respondent's opposition, Petitioner filed a motion to compel his attorney in the underlying criminal proceedings to "turn over any [and] all legal documents he has in his possession as it relates to [Petitioner.]" (Doc. no. 6, p. 2.) For the reasons set forth below, the Court **DENIES** the motion to compel.

First, as the Court explained in its Arraignment Order in the underlying criminal case, Local Criminal Rule 16.1 prohibits dissemination of written discovery material to Defendant at his place of incarceration.[1] United States v. Walker, CR 111-101, doc. no. 19, p. 3 (S.D. Ga. Mar. 29, 2011). Moreover, as Respondent has pointed out in opposition to such previous

---

[1]Local Criminal Rule 16.1 provides: "Defense counsel is prohibited from disseminating [discovery] information beyond that necessary to the preparation of his client's defense."

requests, Local Criminal Rule 16.1 "is intended to prevent the uncontrolled and potentially widespread distribution of [discovery] materials which often contain sensitive information about" current and ongoing investigations, as well as personal information about possible witnesses. United States v. Beale, CR 109-073, doc. no. 253, p. 2 (S.D. Ga. Nov. 16, 2009). Providing this sensitive information to an incarcerated defendant may well put at risk future investigations and the individuals named in the discovery, as well as inadvertently facilitate illegal activities from jail. Id. Petitioner's counsel in the underlying criminal proceedings is undoubtedly aware of this prohibition, not only by receipt of the Arraignment Order in Petitioner's underlying criminal case, but also because he was defense counsel in the case where the government raised, and the Court cited with approval, the aforementioned arguments against dissemination. See CR 109-073, doc. nos. 73, 254.

Second, to the extent Petitioner seeks copies of information available from the public record of his underlying criminal case, he may always submit a request for documents, along with the requisite $0.50 per page, directly to the Clerk of Court for the Southern District of Georgia. Third, Petitioner has been able to formulate a detailed § 2255 motion based on information or knowledge already within his possession, and he offers no explanation as to why the entirety of his underlying criminal proceedings or his entire case filed, as opposed to a specific document or transcript, would be relevant to any particular argument raised in the § 2255 proceedings. See Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992) ("[A] prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.")

Finally, the Court observes the signature on Petitioner's current motion does not match the signature on any of the other documents filed in this case, or in the underlying criminal case. (Compare doc. no. 6, p. 4 with doc. no. 1, p. 9 and with CR 111-101, doc. no. 67, p. 11 (Plea Agreement).) The Court reminds Petitioner that because he is proceeding *pro se* in this case, he must sign all filings made on his behalf.

SO ORDERED this 20th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA